UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.                                         **DECISION AND ORDER**
                                                   20-CR-142

HECTOR CORDERO

                       Defendant.

_____

       Defendant Hector Cordero is charged in nine counts of a 10-count Indictment alleging various narcotics and gun-related offenses, including possession with intent to distribute cocaine and marijuana, maintaining two drug-involved premises, possession of a firearm in furtherance of drug trafficking, and felon in possession of a firearm. Dkt. 1. This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1) for pretrial proceedings. Dkt. 8.

       An evidentiary hearing was held on January 27, 2022 regarding the search of a shed on Roanoke Parkway in Buffalo, New York in September 2020. After post-hearing briefing was submitted, Magistrate Judge Schroeder filed a Report, Recommendation and Order ("RR&O") on August 31, 2022 recommending that the Court deny Defendant's motion to suppress evidence obtained from the shed located at 3 Roanoke Parkway. Dkt. 90.

       The Magistrate Judge determined, based on the credible testimony of Captain Aaron Brennan and Detective Jason Szentesy, both of the Lackawanna Police Department, as well as the photographs of the shed and their associated metadata, that the shed was not searched until after a second, broader warrant had been obtained.

Additionally, the Magistrate determined that Defendant lacked standing as he had no expectation of privacy in the shed located at 3 Roanoke.  This finding was based on the testimony of the property owner, Mrs. Yang, who stated that Defendant and his girlfriend, as the tenants of 7 Roanoke, had no right to access the shed on 3 Roanoke after the fence separating the properties was built.  The RR&O found that, at best, the shed was a common area.  Finally, the Magistrate Judge determined that the exclusionary rule was inapplicable because the officers acted in good faith.

On October 20, 2022, Defendant filed objections to the RR&O, taking issue with essentially all of its findings.  Dkt. 101.  On November 4, 2022, the Government responded and urged the Court to adopt the RR&O.  Dkt 103.  Oral argument was originally set for November 29, 2022, but was reset for December 16, 2022.

On December 1, 2022, Defense counsel filed a motion to reopen the suppression hearing, arguing that the Magistrate misinterpreted the metadata associated with the photos of the shed and therefore the testimony of the FBI photographer was required to resolve the issue.  Dkt. 106.  Oral argument was again adjourned so that the Magistrate Judge could resolve the motion.

The Government filed a response on December 9, 2022, arguing there was no reason to reopen the hearing.  Dkt. 111.  Specifically, it argued that Defendant had no reasonable expectation of privacy in the shed located at 3 Roanoke Parkway and further, that Defendant "altogether fails to address" the Magistrate Court's finding that the shed was a common area.

On January 5, 2023, the day after oral argument was held before the Magistrate, he issued a D&O.  Dkt. 117.  During argument defense counsel had "conceded that

'standing' as a legal issue [was] not relevant to the issue that he seeks to have reopened." The Magistrate Judge found that because the relevant photographs and their metadata were already in evidence, testimony of the FBI photographer would add nothing relevant. Further, the Magistrate emphasized that the testimony of the Lackawanna officers was "crucial" to the Court's recommendation to deny the motion for suppression. The motion seeking reconsideration and to reopen the hearing was thus denied in all respects.

Defendant Cordero filed objections to the D&O on January 19, 2023. Dkt. 122. He alleged that law enforcement conducted an illegal search of the shed before the second warrant was issued, and that this search is documented by the time-stamped photos and their associated metadata. He argued that the shed should not have been entered to conduct a protective sweep (also referred to as a "safety sweep for bodies") because if a small kilo press was visible and in plain view through the window of the shed, any individual would have been visible, as well.

The Government filed a response in opposition on February 1, 2023. Dkt. 125. It asserted that since Defendant lacked a reasonable expectation of privacy in the shed, there was simply no testimony that the FBI photographer could offer which would change the Magistrate Judge's ultimate determination that suppression was not warranted. The Government also noted that Defendant could have called the photographer as a witness during the original evidentiary hearing but declined to do so.

In a reply dated February 10, 2023, Defendant argued, without citation to the record, that Mrs. Yang had testified that Defendant was "granted the exclusive right to access and use the shed and could have even excluded others," and that the photos

and their metadata show more than a protective sweep occurred prior to the second warrant being issued. Dkt. 126. Oral argument on Defendant's objections was held before the Court on March 8, 2023, and the matter was thereafter considered submitted.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court applies a *de novo* standard of review to the portions of a Report and Recommendation to which timely and specific objections have been raised. With respect to Decisions and Orders issued by a Magistrate Judge, this Court reviews them for clear error. *See* 28 U.S.C. § 636(b)(1)(A).

Accordingly, upon due consideration of the arguments and upon *de novo* review, the Court ADOPTS the recommendations of the Magistrate Judge as set forth in the RR&O at docket 90. On clear error review, the Court likewise ADOPTS the conclusions and reasoning of the D&O at docket 117. Defendant Cordero's motion to suppress (Dkt. 35) is therefore denied.

The parties shall appear for a status conference to set a date for trial or plea on April 12, 2023 at 10 am.

**IT IS SO ORDERED.**

        *s/Richard J. Arcara*
        HONORABLE RICHARD J. ARCARA
        UNITED STATES DISTRICT COURT

Dated: April 10, 2023